IN THE MATTER OF OWEN N. EISENBERG,
AN ATTORNEY AT LAW.

Argued September 14, 1976—Decided March 6, 1978.

*Mr. William B. Scatchard, Jr.,* argued the cause for the Camden County Ethics Committee.

*Mr. Patrick G. Mahoney* argued the cause for respondent.

PER CURIAM. These proceedings originated in a petition of the Central Ethics Unit for an Order to Show Cause why respondent should not be temporarily suspended from the practice of law until final disposition of several pending ethics complaints. The ground of the petition was respondent's failure to comply with a request of the Camden County Ethics Committee (hereinafter Committee) for the production of certain records required to be maintained by *R.* 1:21-6.

After oral argument an Order of suspension was entered, it being abundantly clear that respondent had failed to cooperate with the Committee in its attempt to audit his financial records. The Order provided that respondent could make application for reinstatement "upon certification to this Court by the Camden County Ethics Committee of its receipt of those records, or a satisfactory reconstruction thereof, required to be maintained pursuant to *R.* 1:21-6."

Thereafter respondent co-operated with the Committee's auditor by turning over whatever records he had. Upon examination these proved to be abysmally deficient, prompting the Committee to conclude that respondent had engaged in "numerous and aggravated violations of the rules requiring the keeping of financial records * * *." Despite the obvious inadequacy of his records, respondent nonetheless

took the position that by furnishing them to the Committee he had satisfied the suspension Order's condition precedent to a reinstatement application; therefore he sought reinstatement. On the heels of that application came the Committee's presentment, which addressed three separate complaints and was based in part on the audit of respondent's books. Consequently, we denied reinstatement and issued a second Order to Show Cause, now before us, why respondent should not be disbarred or otherwise disciplined.

In essence, the presentment charges that in the cases of two complainants the respondent failed to pay certain medical expenses and expert witness fees from monies deposited in his account representing proceeds of settlement of the clients' personal injury cases. The third case involved respondent's mishandling of assets of a decedent's estate, including failure to make distribution of a specific bequest, delinquency in payment of real estate taxes, and failure to deposit interest checks on certain treasury notes. The details of the transactions evidencing these shortcomings need not be recited at length—indeed, they are substantially admitted by respondent. All that need be added is that the evidence does not disclose any personal enrichment from respondent's misappropriation of funds.

Of concern at least equal to that generated by these charges is the Committee's conclusion, drawn from the auditor's detailed report, that prior to June, 1975, respondent "failed to maintain a trust account" and that "prior thereto one account was used for checks for personal use, expenses of practice, costs and client's money being drawn thereon. Respondent failed to maintain a journal segregating client's money and review of bank statements indicates many checks dishonored for lack of sufficient funds." The only defense, if such it be,[1] offered to this charge was respondent's com-

---

[1] We view with increasing concern the practice of attorneys facing discipline by this Court to treat the applicable disciplinary rules as terra incognita. Although this astonishing lack of famil-

plete unawareness of the existence of *R.* 1:21–6(a) and (b) mandating the keeping of certain bank accounts and records.

The Committee determined that respondent's conduct was in violation of DR 1–102(A)(5) and (6), DR 7–101(A)(2) and (3), and DR 9–102, dealing respectively with conduct prejudicial to the administration of justice and reflecting adversely on fitness to practice law, representing a client zealously, and preserving the identity of funds and property of a client. Our independent review of the record leads to the conclusion that the Committee's findings are fully supported by clear and convincing proof.

Our final disposition of these proceedings has been deferred pending the outcome of certain additional complaints against respondent pending before the Committee. In December, 1977, the Committee issued its final report on those matters, determining that there was not sufficient evidence of unethical conduct, and we agree that clear and convincing proof to sustain those charges was lacking. But with respect to the transgressions recited herein, manifestly they are of a serious nature, warranting substantial discipline. Under the circumstances a two year period of suspension is appropriate. Respondent has been suspended since March 12, 1976. It is therefore our determination that respondent be suspended for two years from March 12, 1976, and until further order of the Court. So ordered.

*For suspension for two years*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

iarity with the rules is sometimes characterized as a "defense," ignorance of our ethical rules and case law cannot be permitted to diminish responsibility for conduct in violation of these rules.

## ORDER

It is ORDERED that OWEN N. EISENBERG of Stratford be suspended from the practice of law for two years and until further order of the Court, effective March 12, 1976;

and it is further
ORDERED that OWEN N. EISENBERG be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with all the regulations of the Supreme Court governing suspended, disbarred and resigned attorneys.