## IN THE MATTER OF IRWIN P. GOLDSTEIN AN ATTORNEY–AT–LAW.

Decided July 11, 1989.

[redacted]

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that IRWIN P. GOLDSTEIN of BAYONNE, who was admitted to the bar of this State in 1961, be publicly reprimanded based on its finding that respondent improperly withdrew interest from his trust account, contrary to Opinion No. 326 of the Advisory Committee on Professional Ethics;

And the Disciplinary Review Board having further recommended that the Court put the members of the Bar on notice that, in the future, the mishandling of interest on trust account funds will be met with harsher discipline;

And good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted and IRWIN P. GOLDSTEIN is publicly reprimanded for his improper withdrawal of interest from his clients' trust account, contrary to Opinion No. 326 of the Advisory Committee on Professional Ethics, 99 *N.J.L.J.* 298 (1976); and it is further

ORDERED that because this is the first time the Court has addressed the discipline of an attorney for the retention of interest from trust funds in violation of Opinion No. 326, the Court concurs in the discipline recommended by the Disciplinary Review Board but cautions the Bar that such conduct belies the public trust in the legal profession's handling of clients' funds, *see In the Matter of Wilson*, 81 *N.J.* 451, 455 (1979); in the future, such conduct will be subject to more severe discipline; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said IRWIN P. GOLDSTEIN as an attorney at law of the State of New Jersey; and it is further

ORDERED that IRWIN P. GOLDSTEIN reimburse the Ethics Financial Committee for appropriate administrative costs.

## APPENDIX

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey.

This matter is before the Board based upon the Board's determination to treat as a presentment a recommendation for private reprimand filed by the District VI (Hudson County) Ethics Committee.

On January 14, 1986, respondent was randomly selected for a compliance audit of his books and records. This audit revealed that, in November 1980, respondent opened an interest-bearing trust account which accrued interest in excess of $32,000 to the date of the audit. The bulk of respondent's trust account contained real estate closing funds as well as some personal injury settlement funds. None of the trust account interest was turned over to clients whose funds had generated the interest. Instead, between 1982 and 1986 respondent withdrew $25,000 from the interest monies, which he thereafter deposited into either his business account or in a money market account. Both accounts were in respondent's name as a professional association. Each account had a balance of at least $30,000 during that period. Respondent kept records of the trust account interest earned and reported it to the Internal Revenue Service as his income. In addition, he opened separate interest-bearing accounts for clients who specifically requested that

their funds earn interest. The proceeds of these accounts, both principal and interest, were ultimately distributed to those clients.

At the conclusion of the random audit in January 1986, the auditor informed respondent that he was obligated to return the trust account interest to the appropriate clients, in accordance with the dictates of the Advisory Committee on Professional Ethics in *Opinion* 326, 99 *N.J.L.J.* 298 (1976). Respondent explained to the auditor that he was unaware of *Opinion* 326 and that he had not realized that the withdrawal of trust account interest was unethical. Respondent agreed to calculate the accrued interest and to make prompt restitution to his clients.

It appears, however, that respondent misunderstood the auditor's directives. Respondent claimed to be under the erroneous impression that he would receive a letter from the auditor with more detailed instructions regarding the disbursement of the interest to clients.

Respondent's failure to comply with the auditor's directives resulted in a letter dated July 8, 1986, from the OAE which requested his immediate reimbursement of the trust account interest to clients. On July 14, 1986, respondent notified the OAE of his misunderstanding of the auditor's directives. In August 1986, respondent made the required interest reimbursements to his clients.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusions of the committee in finding respondent guilty of unethical conduct are supported by clear and convincing evidence. The Board does not agree, however, with the committee's recommendation that respondent receive a private reprimand.

■ This is a matter of first impression. The random audit revealed that respondent improperly withdrew interest from his trust account, contrary to *Opinion* 326, 99 *N.J.L.J.* 298 (1976).

This opinion states, in relevant part, that "... it must be clearly understood that any interest or accretion is the property of the client." It is clear that this opinion is binding on respondent. *See Higgins v. Advisory Committee on Professional Ethics,* 73 *N.J.* 123, 127 (1977). In addition, ignorance of ethics rules and case law does not diminish responsibility for an ethics violation. *See In re Eisenberg,* 75 *N.J.* 454, 456 (1978).

The OAE argued that interest derived from trust account funds is no different from the principal and that a knowing misappropriation of trust account interest is tantamount to a knowing misappropriation of trust funds, requiring the application of the *Wilson* disbarment rule. *See In re Wilson,* 81 *N.J.* 451 (1979); *Matter of Hollendonner,* 102 *N.J.* 21 (1985) (escrow funds are akin to trust funds; in the future, attorneys found guilty of a knowing misappropriation of escrow funds will face the disbarment rule).

The Board is unable to find that respondent knowingly misappropriated client funds. Because respondent was unaware of *Opinion* 326, he failed to realize the impropriety of withdrawing trust account interest for his benefit. While it is true that respondent's ignorance of the rules does not excuse his unethical conduct, it does bear directly on the issue of knowledge in the context of "knowing misappropriation."

The Court has defined "knowing misappropriation" as "... the mere act of taking your client's money knowing that you have no authority to do so ..." *Matter of Noonan,* 102 *N.J.* 157, 160 (1986). *See also Matter of Hollendonner, supra,* 102 *N.J.* at 29 (absence of sufficient evidence that attorney knew that his invasion and use of escrow funds was improper did not justify the application of the disbarment rule). There is no clear and convincing evidence that respondent knew that his withdrawal of trust account interest was improper.

Critical to consideration of the discipline to be imposed here is the fact that the issue of misappropriation of the interest earned on trust funds, rather than the principal itself, has never been addressed by the Court in the disciplinary context. As

with *Hollendonner, supra,* where the Court clarified the identical nature of escrow and trust funds, this situation requires more direct notice to the bar of the impact of misappropriation of the interest earned on trust funds before severe penalties are imposed for this improper conduct.

Respondent was admitted to the New Jersey Bar in 1961 and had been in general practice for 20 years when this unethical conduct occurred. The Board would hope that all attorneys are aware of the various ethics rules, opinions and pronouncements, especially those that impact on the handling of client funds. It is clear, however, that even experienced attorneys remain ignorant of certain aspects of the rules relating to the handling of client funds, as demonstrated by the instant matter. Although his unawareness of the relevant rules does not, in any way, excuse his unethical conduct, it negates any deceit and dishonesty on his part.

 Discipline is generally regarded as non-punitive in its essence. Its primary purpose is not to punish the attorney, but to protect the public from the attorney who does not meet the standards of responsibility of every member of the profession. *Matter of Templeton,* 99 *N.J.* 365, 374 (1985); *In re Goldstaub,* 90 *N.J.* 1, 5 (1982). The quantum of discipline must accord with the seriousness of the misconduct in light of all relevant circumstances. *In re Nigohosian,* 88 *N.J.* 308, 315 (1982). Mitigating factors are, therefore, relevant. *In re Hughes,* 90 *N.J.* 32, 36 (1982).

Although respondent's misconduct is serious, certain mitigating factors must be considered. Respondent fully cooperated with the auditor and with the subsequent ethics proceedings. Moreover, he candidly admitted his wrongdoing upon being apprised of the contents of *Opinion* 326, and has turned the interest over to the clients. Contrition and admission of wrongdoing are mitigating factors. *See Matter of Miller,* 100 *N.J.* 537, 544 (1985).

 Given the totality of the circumstances presented here, a five-member majority of the Board recommends that respon-

dent be publicly reprimanded.[1] One member would dismiss the matter on the grounds that *Opinion* 326 is not well publicized, and that the conduct proscribed herein is a customary practice by banking institutions. Three members did not participate.

The Board further recommends that respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.

---

[1]The Board is gravely concerned with the unawareness by the members of the bar of the Opinions of the Advisory Committee of Professional Ethics, in general, and of Opinion No. 326, in particular. While the Board expresses no opinion on how to best publicize their directives or mandates, it strongly recommends that a warning issue to the bar that, in the future, the mishandling of interest on trust account funds will be met with harsher discipline.